NOT DESIGNATED FOR PUBLICATION

No. 116,862

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

DONALD GRAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed January 19, 2018.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Cathy Eaton*, assistant city attorney, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Donald Gray appeals his domestic battery conviction, claiming there was insufficient evidence to convict him of the crime. Finding there was sufficient evidence to support the conviction, we affirm the district court's judgment.

Gray and B.M. were involved in a romantic relationship for about a year and lived together in an apartment in Wichita. On February 19, 2016, B.M. and Gray were at the apartment with Gray's grandchildren. Gray left the apartment that evening with his sister and did not return home until early the next morning. According to Gray, B.M. had been drinking and was intoxicated when he left their apartment. When Gray returned home,

1

B.M. and the grandchildren were sleeping. According to B.M., Gray slapped her on the side of her face when she did not respond to his call. She jumped up from bed and he slapped her again. He then threw her on the bed and choked her until she passed out. Eventually, B.M. ran out of the apartment, called the police, and hid until they arrived.

Wichita Police Department Officer George Fuller responded to the apartment and met with B.M. Fuller observed a "freshly opened wound" on the left side of B.M.'s face. B.M. told Fuller that Gray had hit her on the left side of her face with his right hand and had choked her. At trial, Fuller testified that he did not believe that B.M. was impaired by alcohol when he spoke to her because she did not have any difficulty recalling events and he did not smell alcohol on her breath.

Wichita Police Officer Jason Lane also responded to the call. Lane spoke with Gray inside the apartment after reading him his *Miranda* rights. Gray stated that he and B.M. had been involved in a verbal argument, that it had become physical, and that this happened immediately before the police were called to the scene. Gray confirmed that he had pushed B.M. but only after she had pushed him first. Lane later testified that he observed an injury to B.M., but not to Gray.

The City of Wichita (the City) charged Gray with one count of domestic battery in violation of Wichita Municipal Ordinance § 5.10.025(a)(1). Gray pled no contest to the charge in Wichita Municipal Court, and he appealed his conviction to the district court.

The district court held a bench trial on September 6, 2016. B.M., Fuller, and Lane testified for the City. B.M. testified at trial that Gray slapped her on the right side of her face, contrary to her initial report of being slapped on the left side of her face. However, the City submitted photos of B.M. taken at the time of the incident showing the injury to the left side of her face. Fuller identified the photos as fair and accurate representations of how B.M. appeared on February 20, 2016.

2

Gray testified on his own behalf at the bench trial, and his testimony was substantially different than the report he initially gave to the police. Gray denied any argument between him and B.M. and contended that the argument that morning was between him and his daughter. Gray testified that his daughter took her children to his apartment on February 19, 2016, so they could spend the weekend with him. He became upset that B.M. was drunk so he called his sister to take the children to her house. Because B.M. and the children were asleep when his sister arrived, he left the apartment with his sister. Gray testified that when he returned at 2:15 a.m., B.M. was lying on the kitchen floor and appeared to have been drinking. He picked her up from the floor, put on her pajamas, and put her to bed. Gray denied slapping B.M. and stated the only physical contact they had was him changing her clothes and carrying her to bed. Gray denied telling Lane that he and B.M. had pushed each other, and he testified that Lane never talked to him about anything to do with B.M.

After hearing the evidence, the district court found Gray guilty of domestic battery, noting that Gray's testimony contradicted the statement he initially gave to the police. The district court noted that B.M.'s injury was documented by the photographs and was consistent with somebody who had been slapped. The district court sentenced Gray to 6 months in jail, imposed a $200 fine, and placed him on probation for 12 months. Gray timely appealed the district court's judgment.

On appeal, Gray claims there was insufficient evidence to support his domestic battery conviction. He argues that there was a significant question as to the credibility of both the complaining witness and the defendant at trial, and when there is no physical evidence or third party witness to support or contradict the testimony of either witness, the court "is left simply with one story from the complaining witness and a different and equally plausible story from the defendant." He argues that "[i]n order for any reasonable judge to reach a verdict of guilt in this case, the judge would need to make assumptions

3

which are not supported by any actual evidence and engage in the piling of assumption upon assumption" which is unacceptable to support a verdict.

When the sufficiency of evidence is challenged in a criminal case, an appellate court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility.' [Citations omitted.]" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

Gray was convicted of domestic battery in violation of the Wichita municipal code. To establish this crime, the City was required to prove (1) that Gray knowingly or recklessly caused bodily harm to an individual with whom he was involved in a dating relationship, and (2) that this act occurred within the corporate limits of Wichita, Kansas, on February 20, 2016. See Wichita Municipal Ordinance § 5.10.025(a)(1).

Viewing the evidence in the light most favorable to the prosecution, the City presented sufficient evidence at the bench trial for the district court to find Gray guilty of domestic battery. B.M.'s testimony alone was sufficient to support the conviction, and her testimony was substantially corroborated by the two Wichita police officers who investigated the disturbance on February 20, 2016. On appeal, Gray emphasizes the fact that B.M. testified at trial that Gray struck her on the right side of her face, rather than on the left side as observed by the police officers. However, this discrepancy is minor and does not substantially cast into doubt the credibility of B.M.'s testimony, especially when the photographs conclusively established that the cut was on the left side of B.M.'s face.

Contrary to the minor inconsistency in B.M.'s testimony, Gray's testimony was substantially different than the report he initially gave to the police. At trial, Gray denied

4

having any argument with B.M. on the night in question and he denied having any physical contact with B.M. other than to change her pajamas and carry her to bed. But on the night in question, Gray admitted to Lane that he had an argument with B.M. and he confirmed that he pushed B.M. after she pushed him first. In finding Gray guilty as charged, the district court noted the contradiction between Gray's testimony and his initial report to the police. The district court also noted that B.M.'s injury was documented by the photographs and was consistent with somebody who had been slapped.

Gray is asking this court to do what we will not do on appeal, i.e., to reweigh the evidence and to make credibility determinations of the witnesses at trial. Based on our standard of review, we have no difficulty finding that the City presented sufficient evidence at the bench trial to support Gray's conviction of domestic battery.

Affirmed.